FILED
JOHN P. HEHMAN
CLERK

2013 APR -1 PM 3:29

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Cynthia Huffman, Joseph Passerino, George Pruden, Janet Carrigan, and Russell Smith, on behalf of themselves and all other similarly situated employees nationwide, and on behalf of the Ohio Rule 23 Class,<br><br>Plaintiffs,<br><br>v.<br><br>The Hilltop Companies, LLC,<br><br>Defendant. | Court File No.: **1:13 CV 219**<br><br>WEBER, J.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |



Plaintiffs bring this action (a) as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., and (b) as an opt-out Rule 23 class action on behalf of all similarly situated individuals in the State of Ohio for violations of the Ohio Minimum Fair Wage Standards Act.

## PRELIMINARY STATEMENT

1. This case is about Defendant The Hilltop Companies, LLC's ("Hilltop" or "Defendant") systematic failure to pay proper overtime wages to individuals that reviewed mortgage loan files. The file review was mandated by a consent decree between the Office of the Comptroller of the Currency ("OCC") and fourteen large banks, stemming from an investigation into the banks' improper and abusive foreclosure practices. Plaintiffs, those workers responsible for conducting loan file reviews, and those similarly situated, customarily and regularly worked for Defendant in excess of forty (40) hours per week. During this time, Defendant willfully and maliciously misclassified Plaintiffs as "independent contractors," attempting to evade the FLSA and Ohio Minimum Fair Wage Standards Act compensation requirements, resulting in a failure

1

to compensate Plaintiffs and those similarly situated at the requisite overtime rate for all overtime hours worked.

2. Defendant paid these Plaintiffs and those similarly situated on an hourly basis, but did not pay them time and a half overtime wages for the hours they worked in excess of forty per week. Rather, the workers received "straight time" pay at their regular hourly rate for all hours worked. Because Plaintiffs and the similarly situated individuals were paid on an hourly basis and do not satisfy the duties requirements for any overtime exemption, they are not exempt from the FLSA or the Ohio Minimum Fair Wage Standards Act, and must be paid one and one-half times their regular rate of pay for all hours worked over forty per workweek.

3. Defendant has willfully committed widespread violations of the FLSA and Ohio Minimum Fair Wage Standards Act, by engaging in a pattern, practice, and policy of misclassifying Plaintiffs and those similarly situated as independent contractors, in effect, denying them access to all of the overtime pay to which they are rightfully entitled as employees.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

5. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiffs' and the similarly situated individuals' state law claims brought under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 et seq., as Plaintiffs' state and federal claims derive from a common nucleus of operative fact.

6. Venue in this district is proper under 28 U.S.C. § 1391 because Defendant operated branch offices in and around Miamisburg, Ohio, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

### Plaintiffs

7. Plaintiff Cynthia Huffman is an adult resident of the State of Georgia. Plaintiff Huffman worked for Defendant as a mortgage loan file reviewer at its office in Miamisburg, Ohio from approximately October, 2011 to January 7, 2013.

8. Plaintiff Joseph Passerino is an adult resident of the state of California. Plaintiff Passerino worked for Defendant as a mortgage loan file reviewer at its office in Miamisburg, Ohio from October, 2011 to January 2013.

9. Plaintiff George Pruden is an adult resident of the state of California. Plaintiff Pruden worked for Defendant as a mortgage loan file reviewer at its office in Miamisburg, Ohio from October, 2011 to January 2013.

10. Plaintiff Janet Carrigan is an adult resident of the state of California. Plaintiff Carrigan worked for Defendant as a mortgage loan file reviewer at its office in Miamisburg, Ohio from October, 2011 to September 2012.

11. Plaintiff Russell Smith is an adult resident of the state of Texas. Plaintiff Smith worked for Defendant as a mortgage loan file reviewer at its office in Miamisburg, Ohio from January 9, 2012 to January 7, 2013.

12. Plaintiffs bring this action collectively and on behalf of all similarly situated individuals nationwide (the "FLSA Collective"), pursuant to the FLSA, 29 U.S.C. § 216(b).

13. Plaintiffs also bring this action collectively and as representatives of all similarly situated individuals who worked in the State of Ohio (the "Ohio Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 et seq.

14. Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class are current or former employees of Defendant, within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and Ohio Rev. Code Ann. § 4111.03(D)(3).

15. Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class are or were: employed by Defendant as mortgage loan file reviewers, or other similar job titles, at Defendant's Miamisburg, Ohio location, and upon information and belief, other locations throughout the United States, within three years prior to the filing of this lawsuit. See 29 U.S.C. § 255(a) and Ohio Rev. Code Ann. 2305.11(A).

**Defendant**

16. Defendant The Hilltop Companies, LLC is a Virginia corporation with its principal place of business in McLean, Virginia. According to its website, it provides Finance & Accounting, Regulatory Compliance, Risk Management, Operations, Information Technology, and Transaction Services. It provides these services in several industries, including Banking & Capital Markets, Real Estate, and Government Agencies, throughout the United States.

17. Defendant operates in interstate commerce by, among other things, providing the aforementioned services in multiple states, including Ohio. Defendant's gross annual sales made or business done have been $500,000.00 or greater.

18. Defendant is Plaintiffs' and the FLSA Collective's "employer," within the meaning of the FLSA, 29 U.S.C. § 203(d).

4

19. Defendant is Plaintiffs' and the Ohio Rule 23 Class's "employer," within the meaning of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03 (D)(2).

## FACTUAL ALLEGATIONS

20. Defendant hired Plaintiffs to perform mortgage loan file review. The file review was required by the Office of the Comptroller of the Currency's ("OCC") as a result of the government's enforcement action against numerous large banks surrounding the banks' unsafe and unsound practices related to residential mortgage loan servicing and foreclosure processing. See OCC Takes Enforcement Action Against Eight Servicers for Unsafe and Unsound Foreclosure Practices, April 13, 2011, available at http://www.occ.gov/news-issuances/news-releases/2011/nr-occ-2011-47.html.

21. Specifically, Defendant employed Plaintiffs, and those similarly situated, to review mortgage loan files for PNC Bank, and other banks, as a part of the OCC's investigation into whether foreclosures complied with federal and state laws, whether foreclosures occurred when grounds for foreclosure were not present, and whether any errors, misrepresentations or other deficiencies resulted in financial injury to borrowers.

22. As a result of Defendant's common policy and scheme to purposefully classify Plaintiffs and those similarly situated as independent contractors, and to attempt to avoid the FLSA's employee protections, Defendant did not pay Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class overtime pay at one and one-half times the regular rate of pay as required by the FLSA and the Ohio Minimum Fair Wage Standards Act.

23. The FLSA and Ohio Minimum Fair Wage Standards Act requires covered employers, such as Defendant, to compensate all non-exempt employees, at a rate of not less

than one and one-half times the regular rate of pay, for work performed in excess of forty (40) hours per workweek.

24. Defendant routinely required Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class to work long hours in excess of forty (40) hours per week to complete all their job responsibilities.

25. Defendant paid Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class their regular hourly rates (i.e., "straight time") for their overtime hours, rather than the legally-required one and one-half times their regular rates.

26. Defendant willfully operated under a common scheme to deprive loan file reviewers of proper overtime compensation by misclassifying them as independent contractors. Furthermore, Plaintiffs and the similarly situated individuals were subject to the direction and control of Defendant with regard to the manner and means of their employment, and job performance. For example:

> a.) Plaintiffs and the similarly situated individuals worked for Defendant on a full-time and continuing basis; Plaintiffs and the similarly situated did not sell or advertise their services to the general public, or work as contractors for anyone other than Defendant during the time period identified in the terms of the contract they signed with Defendant at the outset of the assigned project;
>
> b.) Plaintiffs and the similarly situated individuals had no control over the manner and method by which they were paid;
>
> c.) Defendant retained the right to discharge Plaintiffs and those similarly situated individuals without cause;

d.) Defendant controlled Plaintiff's and the similarly situated individuals' work hours. Specifically, Defendant identified set hours Plaintiff and the similarly situated individuals were required to work each day. Defendant established a policy which required Plaintiff and the similarly situated individuals to be at their desks at Defendant's work facility at a specified time at the start of each work day;

e.) Defendant determined if and when Plaintiffs and those similarly situated were allowed to take rest breaks and meal breaks. Often times Plaintiffs and the similarly situated were not allowed to take lunch breaks; rather, Defendant required them to eat at their desks while continuing to work;

f.) Defendant required Plaintiffs to record all of their work hours on a weekly timesheet, which was reviewed and approved by Defendant;

g.) In the event Plaintiffs and the similarly situated needed time off, Defendant required Plaintiff and the similarly situated individuals to submit time off requests in advance, which were then approved or denied by Defendant;

h.) Defendant provided training to Plaintiffs and the similarly situated individuals. During training, Defendant provided instruction to Plaintiffs and the similarly situated individuals pertaining to the specific procedures and guidelines that Defendant required them to follow during the loan file review process (the training was conducted at Defendant's office, and Plaintiffs and the similarly situated employees were required to complete it);

i.) The loan file review process performed by Plaintiff did not involve discretion and independent judgment, but was integral to Defendant's business.

j.) Plaintiffs and the similarly situated individuals were not required to make substantial investment in facilities and equipment. Rather, Plaintiffs and the similarly situated individuals simply showed up to work at the assigned time and reviewed files.

k.) Plaintiffs and the similarly situated individuals had no opportunity for profit and no risk of loss. They were compensated at a straight hourly rate for all hours worked.

27. Defendant was or should have been aware that Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class performed work that required proper payment of overtime compensation. Defendant was or should have been aware that Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class were employees misclassified as independent contractors.

28. Defendant was aware that Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class worked overtime hours for which they were not properly paid because Defendant dictated the number of hours they could work each week, and often required them to work overtime.

29. Defendant knew that Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class worked overtime hours because Defendant required them to record and submit accurate records of all of their work hours, via Defendant's time keeping system.

30. Defendant's conduct as alleged in this Complaint was willful and in bad faith.

### FLSA COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs, and the FLSA Collective, incorporate by reference the facts and allegations in the preceding paragraphs.

32. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs and the FLSA Collective, file this action as a collective action on behalf of themselves and all similarly situated individuals, the "FLSA Collective." The proposed FLSA Collective class is defined as follows:

> All individuals employed as loan file reviewers, or similar job titles, paid an hourly rate and "straight time" for overtime hours, who work or worked for Defendant at any time from three years prior to the filing of this Complaint through the entry of judgment.

33. Plaintiffs have consented in writing to be part of this action, pursuant to the FLSA, 29 U.S.C. § 216(b). (See Ex. A.) As the case proceeds, it is likely that other individuals will sign consent forms and join this case.

34. Defendant is liable under the FLSA for misclassifying Plaintiffs and the FLSA Collective as independent contractors, and failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the proposed collective class. There are numerous individuals similarly situated to Plaintiffs who have also suffered damages due to Defendant's failure to properly pay overtime wages. These individuals would benefit from court-supervised notice of this lawsuit and the opportunity to join. These similarly situated individuals are known to Defendant and are readily identifiable through Defendant's records.

## OHIO CLASS ACTION ALLEGATIONS

35. Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs.

36. Pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure, Plaintiffs file this action collectively and as a class action on behalf of all similarly situated individuals within the State of Ohio, the "Ohio Rule 23 Class." Plaintiffs seek to represent the Ohio Rule 23 Class, which is defined as follows:

> All individuals employed as loan file reviewers, or similar job titles, paid an hourly rate and "straight time" for overtime hours, who work or worked for Defendant at any time from three years prior to the filing of this Complaint through the entry of judgment.

37. The members of the proposed Ohio Rule 23 Class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. Plaintiffs do not know the exact number of class members, but he is informed and believes that at least one hundred (100) class members exist. The identities of the Ohio Rule 23 Class members may be ascertained from Defendant's files and records.

38. There are common questions of law and fact affecting the class members, including but not limited to whether Defendant unlawfully failed to pay overtime compensation, the proper measure of damages sustained by the class members, and whether Defendant should be enjoined from such violations in the future. The requirements of Rule 23(a)(2) are met.

39. Plaintiffs' claims are typical of the claims of the Ohio Rule 23 Class as a whole. Plaintiffs and the Ohio Rule 23 Class have suffered harm due to Defendant's failure to pay them overtime compensation for the hours they worked in excess of forty (40) hours per workweek. The requirements of Rule 23(a)(3) are met.

40. Plaintiffs will fairly and adequately protect the interests of the Ohio Rule 23 Class, pursuant to Rule 23(a)(4). Plaintiffs' interests are not inconsistent with and not antagonistic to the interests of the class. Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation.

41. Prosecuting separate actions by individual members of the proposed Ohio Rule 23 Class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the party opposing

the class and would substantially impair or impede the interest of other members of the class to protect their interests. Certification under Rule 23(b)(1) is appropriate.

42. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief or declaratory relief appropriate with respect to the class as a whole. Certification under Rule 23(b)(2) is appropriate.

43. This class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. The members of the proposed Ohio Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common practices and uniform policies. The damages suffered by the Ohio Rule 23 Class members are small compared to the expense and burden of individually prosecuting this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. Certification under Rule 23(b)(3) is appropriate.

44. Plaintiffs intend to send notice to all members of the proposed Ohio Rule 23 Class to the extent required by Rule 23.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
### The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.
*On Behalf of Plaintiff and the FLSA Collective*

45. Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs.

46. The FLSA requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty per workweek. 29 U.S.C. § 207.

47. To be exempt from the FLSA's overtime requirements, an employee typically must be paid on a salary or fee basis. See 29 C.F.R. §§ 541.100(a)(1) (executive exemption), 541.200(a)(1) (administrative exemption), 541.300(a)(1) (professional exemption), 541.601(b)(1) (highly compensated exemption).

48. An employee is considered to be paid on a "salary basis" if the employee regularly receives each pay period on a weekly basis a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. 29 C.F.R. § 541.602(a). Defendant bears the burden of proving that an exemption applies.

49. Defendant misclassified Plaintiffs and the FLSA Collective as independent contractors, and therefore, as exempt from the FLSA's overtime provisions. Therefore, Defendant is required to pay Plaintiffs and the FLSA Collective at one-and-a-half times their regular rate of pay for all overtime hours worked over 40 per week.

50. Defendant routinely suffered and permitted Plaintiffs and the FLSA Collective to work more than forty hours in a workweek.

51. Defendant paid Plaintiffs and the FLSA Collective "straight time" for their overtime hours.

52. Plaintiffs and the FLSA Collective's weekly pay fluctuated depending on, and in direct correlation to, the number of hours she worked during each week.

53. Defendant have violated the FLSA by failing to pay Plaintiffs and the FLSA Collective at a rate of one and one-half times their regular rates of pay for all hours worked over forty per week.

54. Plaintiffs and the FLSA Collective were misclassified as independent contractors, and as a result misclassified exempt by Defendant, and are entitled to overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of forty per week.

55. Defendant's conduct alleged in the Complaint constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

56. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have suffered a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages, attorneys' fees and costs incurred in connection with this action.

### COUNT III – OVERTIME VIOLATIONS UNDER STATE LAW
**The Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 et seq.**
*On Behalf of Plaintiff and the Ohio Rule 23 Class*

57. Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs.

58. The Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03, requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

59. Defendant routinely suffered and permitted Plaintiffs and the Ohio Rule 23 Class to work more than forty (40) hours per week without overtime compensation.

60. Defendant's actions, policies, and practices as described above violate the Ohio Minimum Fair Wage Standards Act by failing to compensate Plaintiffs and the Ohio Rule 23 Class at the required overtime rate.

61. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Ohio Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

62. Plaintiffs and the Ohio Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Ohio Rev. Code Ann. § 4111.10, § 2305.11, and other applicable state laws.

63. Plaintiffs and the Ohio Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Ohio Rev. Code Ann. § 4111.03, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

## **PRAYER FOR RELIEF**

64. **WHEREFORE**, Plaintiffs, collectively and on behalf of all similarly situated individuals, pray for judgment against Defendant as follows:

   A. Designate this action as a collective action on behalf of all similarly situated individuals and promptly issue court-supervised notice to those individuals to apprise them of this pending action and permit them to timely assert FLSA claims in this action by filing individual consent forms, pursuant to 29 U.S.C. § 216(b);

   B. Find that Defendant misclassified Plaintiffs and the FLSA Collective as exempt employees;

   C. Judgment that Defendant's practices violate the FLSA;

   D. Judgment against Defendant in the amount of Plaintiffs and the FLSA Collective's unpaid back wages at the applicable rates;

E. Find that Defendant's FLSA violations were willful;

F. Award Plaintiffs and the FLSA Collective all damages, liquidated damages, costs and attorneys' fees incurred in prosecuting this action;

G. Award prejudgment interest to Plaintiffs and the FLSA Collective (to the extent liquidated damages are not awarded);

H. Leave to add additional plaintiffs by motion, by filing additional consent forms, or any other method approved by the Court;

I. Leave to amend the Complaint to add additional federal and state law claims; and

J. For all such further relief as the Court deems equitable and just.

65. **WHEREFORE**, Plaintiffs, on behalf of themselves and as representatives of the Ohio Rule 23 Class, pray for relief as follows:

i. Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Ohio Rule 23 Class;

ii. Appoint Plaintiffs as Class Representatives and appoint their counsel as Class Counsel;

iii. Find that Defendant misclassified Plaintiffs and the Ohio Rule 23 Class as exempt employees;

iv. Judgment that Defendant's practices violate the Ohio Minimum Fair Wage Standards Act;

v. Award Plaintiffs and the Ohio Rule 23 Class all damages, liquidated damages, civil penalties, and prejudgment interest available;

vi. Award Plaintiffs and the Ohio Rule 23 Class all costs and attorneys' fees incurred prosecuting this claim;

vii. Leave to amend to the Complaint to add additional state law claims; and

viii. Such further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

66. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class demand a trial by jury.

Dated: April 1, 2013

**MEIZLISH & GRAYSON, INC.**

/s/ Bruce Meizlish
Bruce Meizlish, OH Bar No. 003361
Deborah R. Grayson, OH Bar No. 0062777
Second National Building,
830 Main Street, Suite 999
Cincinnati, OH 45202
Telephone: (513) 345-4700
Fax: (513) 345-4703
brucelaw@fuse.net
dgrayson@fuse.net

**NICHOLS KASTER, PLLP**
Rachhana T, Srey, MN Bar No. 340133*
Adam W. Hansen, MN Bar No. 0391704*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Srey@nka.com
ahansen@nka.com

*Pro hac vice applications forthcoming*

ATTORNEYS FOR PLAINTIFF AND THE
PUTATIVE COLLECTIVE AND RULE
23 CLASSES