```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

CYNTHIA HUFFMAN,                :    NO. 1:13-CV-00219
et al.,                         :
                                :
        Plaintiffs,             :
                                :    **OPINION AND ORDER**
    v.                          :
                                :
THE HILLTOP COMPANIES, LLC,     :
                                :
        Defendant.              :

This matter is before the Court on Defendant's Motion to Dismiss and Compel Arbitration (doc. 10), Plaintiffs' Response in Opposition (doc. 13), and Defendant's Reply (doc. 15).  For the reasons indicated herein, the Court DENIES Defendant's motion.

**I.  Background**

Plaintiffs reviewed mortgage loan files for Defendant and claim Defendant systematically failed to pay them proper overtime wages in violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 (doc. 1).  Plaintiffs allege they customarily worked in excess of forty hours a week, while Defendant mis-classified them as "independent contractors" so as to avoid paying Plaintiffs properly (Id.).

In the instant motion to dismiss, Defendant contends Plaintiffs' contracts contain an arbitration provision, such that the Court should dismiss this matter and compel arbitration (doc.

10).  Plaintiffs respond that the arbitration clause did not survive the termination of the contract, and in any event, the agreement did not contemplate arbitration of FLSA claims (doc. 13). Defendant has replied such that this matter is ripe for the Court's consideration (doc. 15).

**II. Discussion**

The arbitration provision in the parties' contract states that "[a]ny claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration," and defines a claim to include any dispute whether based on contract, tort, statute, or other legal or equitable theory.  In Defendant's view such provision clearly covers Plaintiffs' FLSA claims.

However, paragraph 22 of the contract specifically lists a number of provisions of the contract that survive the expiration or termination of the contract.  The arbitration and other alternate dispute resolution provisions are excluded.

Having reviewed the respective arguments of the parties, the Court finds well-taken Plaintiffs' position that the more specific survival clause that excludes arbitration from survival trumps the more general arbitration clause in the contract.  The doctrine of expressio unius est exclusio alterius, used as a tool of contract interpretation "provides that where specific items are listed in a document such as a contract, any item not so listed is typically thought to be excluded."  Caldwell v. PNC Financial Services Group, Inc., 835 F.Supp.2d 510, 523 (S.D. Ohio 2011).

2

Moreover to the extent that there is ambiguity in the contract, such ambiguities are interpreted against the drafter, in this case, Defendant.

There is a strong federal policy favoring arbitration where the parties have agreed to such. However the normal presumption in favor of arbitration falls away where the intent to arbitrate is "negated expressly or by clear implication." Litton Financial Printing Division v. NLRB, 501 U.S. 190, 204 (1991). Plaintiffs did not agree in this instance that the arbitration provision would survive the termination of the contract. Defendant cannot therefore hold them to it.

The Court need not reach the remaining arguments regarding the scope of the arbitration provision or whether it is the role of the arbitrator to contemplate class arbitration for the simple reason that the arbitration clause is of no effect, and this matter will remain in district court.

**III. Conclusion**

Accordingly, the Court rejects Defendant's arguments that this matter should be dismissed in favor of individual arbitration. Plaintiffs are correct in their view that the arbitration provision did not survive the expiration of the contract. The Court therefore DENIES Defendant's Motion to Dismiss and Compel Arbitration (doc. 10).

3

SO ORDERED.

Dated: July 31, 2013           s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge