# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| **CYNTHIA HUFFMAN, et al.** | : | |
| | : | **Case No. 1:13-CV-219** |
| Plaintiffs, | : | |
| | : | |
| vs. | : | **Judge Spiegel** |
| | : | |
| **THE HILLTOP COMPANIES, LLC** | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

## DEFENDANT THE HILLTOP COMPANIES, LLC'S MOTION TO STAY OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

---

Defendant The Hilltop Companies, LLC ("Hilltop")[1] respectfully requests that this Court issue an order declaring that it no longer retains jurisdiction over this case pending Hilltop's appeal of the Court's Order refusing to dismiss the case and compel individual arbitration, and thus that all further proceedings are continued.  In the event the Court finds that it does retain jurisdiction over this matter, Hilltop respectfully requests in the alternative that the Court stay proceedings pursuant to Fed. R. Civ. P. 62(c).[2]  Alternatively, should the Court find both that it retains jurisdiction and that proceedings should not be stayed, Hilltop respectfully requests that the Court transfer this action to the United States District Court, Eastern District of Virginia,

---

[1]       As has been noted in previous briefing and pleadings, Plaintiffs improperly named The Hilltop Companies, LLC as a defendant in this litigation. The Hilltop Companies, LLC had no relationship with Plaintiffs. The proper defendant is Hilltop Advisors, LLC, the entity who engaged and paid the Plaintiffs as independent contractors and with whom the Plaintiffs entered into a Professional Services Contractor Agreement. However, for purposes of this Motion, "Hilltop" collectively refers to all Hilltop affiliated companies.

[2]       Hilltop recognizes that the Court vacated the preliminary pretrial conference previously set for September 17, 2013, pending the outcome of Hilltop's appeal (Doc. No. 23), which may make this Motion unnecessary. However, Hilltop files this Motion to ensure that all other proceedings (including discovery and proceedings related to conditional certification) are likewise stayed pending the appeal.

Alexandria Division, pursuant to 28 U.S.C. § 1404(a). The reasons and authorities supporting this Motion are set forth more fully in the attached Memorandum in Support.

Respectfully submitted,

*/s/Eugene Droder III*
Eugene Droder III (0078210)
Adam R. Hanley (0085470)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202-4182
(513) 651-6800
edroder@fbtlaw.com
ahanley@fbtlaw.com

*Attorneys for Defendant*
*The Hilltop Companies, LLC*

## I.        INTRODUCTION

On July 31, 2013, this Court issued an Order denying Hilltop's Motion to Dismiss and Compel Individual Arbitration. Pursuant to Section 16(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a), Hilltop exercised its right immediately to appeal the Court's Order to the Sixth Circuit Court of Appeals by filing a Notice of Appeal. (Doc. No. 18.) Hilltop's timely and proper filing of its Notice of Appeal automatically divests the Court of jurisdiction and effectively stays the district court action until the Sixth Circuit issues its mandate in Hilltop's appeal. *Keohane v. Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir. 1963); *Cambio Health Solutions, LLC v. Reardon*, 228 F. Supp. 2d 883, 886 (M.D.Tenn. 2002). As such, Hilltop respectfully requests that the Court issue an order declaring that it no longer retains jurisdiction of this case, and thus that all further proceedings before this Court (including all discovery and conditional certification proceedings) are stayed pending the resolution of Hilltop's appeal. Alternatively, should this Court nevertheless conclude that it still retains jurisdiction, the Court should grant a stay of this action under Fed. R. Civ. P. 62(c)'s four-factor balancing test, which weighs heavily in favor of granting a stay pending appeal in this case. *See C.B.S. Emps. Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 716 F. Supp. 307, 309 (W.D.Tenn. 1989).

If this Court both finds that it retains jurisdiction and determines that a stay under Rule 62(c) is not appropriate, it should transfer this action to the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1404(a).  First, the individual Contracts that created and governed each Plaintiff's relationship with Hilltop contain a forum selection clause providing that the courts in Virginia would have personal jurisdiction over them, and that any dispute that is filed in court (e.g., an arbitration appeal) must be filed in Virginia. This alone indicates that the Court should transfer this action to the Eastern District of

1

Virginia. What's more, this action has only a tangential relationship with Ohio, and it would be substantially more convenient to proceed with litigation in Virginia. This is a purported nationwide class and collective action whose named Plaintiffs are from all across the country, and Hilltop's base of operations, witnesses, and documentary evidence are all located in and around McLean, Virginia. In contrast, no named Plaintiff is from Ohio, and Hilltop has essentially no presence in Ohio at all. Thus, the Parties' limited contact with the state is insufficient to justify venue in this Court in light of the substantially greater convenience that would accompany venue in the Eastern District of Virginia.

## II.      PROCEDURAL BACKGROUND

Plaintiffs[3] filed suit against Hilltop on April 1, 2013, alleging that Hilltop misclassified them (and those similarly situated) as independent contractors and failed to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.01 *et seq.* ("OMFWSA"). (Compl., ¶1.) This action was brought as a putative nationwide collective action under Section 216(b) of the FLSA, and as a Federal Rule 23 class action on behalf of "all similarly situated individuals who worked in the State of Ohio." (Compl. ¶¶12-13.) Plaintiffs allege that they and the putative class members conducted reviews of PNC Bank's mortgage loan files in Miamisburg, Ohio pursuant to a review required by the Office of the Comptroller of the Currency. (Compl. ¶20.) While the Complaint alleges that the reviews were conducted "at [Hilltop's] office in Miamisburg, Ohio" (Compl., ¶7), they were in fact conducted at PNC Bank's Miamisburg location; Hilltop has no office, location, or place of business in Ohio. (Oliver Decl. ¶¶4-5.)[4] The named Plaintiffs are likewise not residents of Ohio, but instead reside in Georgia, California, and Texas.  (Compl.

---

[3]        Named Plaintiffs in this action include Cynthia Huffman, Joseph Passerino, George Pruden, Janet Carrigan, and Russel Smith.  Consent forms have also been filed on behalf of 21 additional putative opt-in Plaintiffs.

[4]        The declaration of Hilltop Chief Operating Officer Geoffrey Oliver is attached hereto as Exhibit A.

¶¶7-11.)  As is noted above, the Contracts between each Plaintiff and Hilltop contain a forum selection clause indicating that the state and federal courts of Virginia are the "exclusive venue" for disputes between them. (*See* Decl. attached to Mot. Dismiss, Doc. No. 10-1, Exs. A-E, ¶17.) Based upon Arbitration Provisions contained in each named Plaintiff's and putative class member's individual Contract with Hilltop, Hilltop filed a Motion to Dismiss and Compel Individual Arbitration pursuant Fed. R. Civ. P. 12(b)(1) and § 3 of the FAA on May 8, 2013. (*See* Mot. Dismiss, Doc. No. 10.) The Court issued an Order denying Hilltop's motion on July 31, 2013, and Hilltop subsequently filed a timely Notice of Appeal of the Court's Order on August 14, 2013 (Doc. Nos. 16, 18.)

## III.    LAW AND ARGUMENT

### A.    Hilltop's Filing of a Notice of Appeal Under 9 U.S.C § 16(a) Divests the District Court of Jurisdiction over This Proceeding.

This Court should stay this action pending appeal because Hilltop's filing of its Notice of Appeal automatically divests this Court of jurisdiction over the case.[5] It is well-settled in this circuit that the filing of a Notice of Appeal transfers jurisdiction to the Court of Appeals and stays litigation in the district court, even when a notice of appeal is taken from an interlocutory order, so long as the order is appealable as of right and the notice of appeal is not untimely or lacking essential recitals.  *Keohane v. Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir. 1963), *aff'd per curiam*, 328 F.2d 615 (6th Cir. 1964); *Cambio*, 228 F. Supp.2d at 885; *see also Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir. 1995) ("It is settled law that filing a notice of appeal with the district court divests the district

---

[5]      Indeed, because the Court no longer has jurisdiction over this action, Hilltop submits that this Motion is unnecessary and that the Court may not have the power to grant it.  *See Dental Assoc., P.C. v Am. Dental Partners of Michigan, LLC*, No. 11-11624, 2012 WL 1555093, *4 (E.D.Mich. Apr. 30, 2012) (technically denying motion to stay, but effectively staying proceedings; as the district court is automatically divested of jurisdiction over the matter upon the defendant's filing of a notice of appeal under § 16(a) of the FAA, the court no longer had the power to grant the requested stay).  Hilltop nevertheless requests, in an abundance of caution, that the Court declare that it no longer retains jurisdiction pending the resolution of Hilltop's appeal.

court of jurisdiction to act in the case, except on remedial matters unrelated to the merits of the appeal."); *Shaw v. McKee*, No. 07-12444, 2008 WL 544624 at *1 (E.D.Mich. Feb. 27, 2008) (holding notice of appeal divested court of jurisdiction to address subsequent motion); *Speers v. County of Berrien*, No. 4:04-CV-32, 2005 WL 1907525 at *3 (W.D.Mich. Aug. 10, 2005) (acknowledging general rule that filing a notice of appeal divests the district court of jurisdiction and that appellant is entitled to automatic stay of proceedings pending resolution of interlocutory appeal taken as of right).

Following this well-settled Sixth Circuit law, at least three district courts within the Sixth Circuit—including the Southern District of Ohio—have held that the filing of a notice of appeal of an order denying a motion to compel arbitration divests the district court of jurisdiction, and thus results in a stay of litigation in that court. In *Levy v. Cain, Watters & Assoc., P.L.L.C.*, No. 2:09-cv-723, 2010 WL 2560395 (S.D.Ohio, E. Div., June 23, 2010) (Judge Frost), the defendant appealed the court's refusal to compel arbitration of two of the plaintiff's seven claims pursuant to FAA Section 16(a), then moved to stay proceedings pending the outcome of its appeal. *Id.* at *1. The court granted the defendant's motion to stay, finding that "[u]ntil the Sixth Circuit rules on the appeal of that decision, this Court lacks jurisdiction to entertain further proceedings in this case." *Id.* at *3. *See also Cambio*, 228 F. Supp.2d at 886 (holding that the district court was without jurisdiction to proceed, effectively staying the case and denying as moot defendant's motion to stay pending appeal); *Dental Assoc.*, 2012 WL 1555093 at *4 (finding that the court has no jurisdiction over the matter upon the filing of a notice of appeal under FAA § 16(a)).

Moreover, the majority of circuit courts that have ruled on the issue have held that an appeal under § 16(a) of the FAA automatically divests the trial court of jurisdiction and stays the action pending a decision from the circuit court. *See, e.g., Ehleiter v. Grapetree Shores, Inc.*, 482

F.3d 207, 214 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158, 1162-63 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997); *Levin v. Alms & Assoc.*, 634 F.3d 260, 264 (4th Cir. 2011). For instance, in *Bradford-Scott,* the Seventh Circuit ordered lower court proceedings stayed pending a § 16(a) appeal, reasoning in part that a "continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the cases by the two tribunals." 128 F.3d at 505.

Here, Hilltop has timely filed an interlocutory appeal as of right. Section 16 of the FAA provides: "An appeal may be taken from an order refusing a stay of any action under Section 3 of this title." 9 U.S.C. § 16(a)(1)(A). The Sixth Circuit has repeatedly held that § 16(a)(1) provides the appellate court with jurisdiction over interlocutory appeals of orders refusing to compel arbitration or refusing to stay an action pending arbitration. *JDP, Inc. d/b/a Northland Medical Pharmacy v. Chronimed Holdings, Inc.*, 539 F.3d 388, 390 (6th Cir. 2008) (stating that 9 U.S.C. § 16 authorizes *immediate* appeals from denials of motions to compel arbitration) (emphasis added); *Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006). *Fazio v. Lehman Bros. Inc.*, 340 F.3d 386, 392 (6th Cir. 2003); *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1274 (6th Cir. 1990). Here, Hilltop's Motion to Dismiss and Compel Individual Arbitration explicitly petitions the Court for relief under 9 U.S.C. § 3. (*See* Doc. No. 10, Page ID #62.) Therefore, the Court's Order denying Hilltop's motion to compel arbitration is immediately appealable as of right under 9 U.S.C. § 16(a)(1)(A). *See Costello v. Lungaro*, Nos. 92-3757, 92-3939, 1992 WL 245929 at *1 (6th Cir. Sept. 29, 1992) (stating that denial of motion to compel arbitration is appealable as of right under 9 USC § 16(a)(1)(A)). Thus, following binding and well-established Sixth Circuit law, and persuasive authority throughout the country, this Court should conclude

that it no longer retains jurisdiction and should grant Hilltop's motion to stay pending appeal.

**B.     Alternatively, a Stay Pending Appeal Is Warranted Under Fed. R. Civ. P. 62(c)'s Traditional Four-Factor Balancing Test.**

Alternatively, even if this Court concludes that it retains jurisdiction over this matter, the Court should stay proceedings pending the resolution of Hilltop's appeal because this case satisfies Rule 62(c)'s test used to determine whether actions should be stayed during the pendency of interlocutory appeals. *See C.B.S.*, 716 F. Supp. at 309 (applying general Rule 62 test to motion to stay pending § 16(a) appeal). Sixth Circuit courts examine the following factors to determine whether to grant a stay pending appeal: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* "[A] movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Id.* (citations omitted); *see also Family Trust Foundation of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004).  Here, all four of the factors favor staying the present litigation until Hilltop secures a definitive ruling from the Sixth Circuit regarding the arbitrability of its dispute with Plaintiffs.

**1.     Hilltop Is Likely to Prevail on the Merits of Its Appeal or, at the Very Least, Has Raised Substantial Legal Questions that Must Be Answered by the Sixth Circuit.**

The first factor weighs heavily in favor of a stay, both because there is a strong likelihood

that the Sixth Circuit will grant Hilltop's appeal, and because this appeal raises a substantial legal question.  As an initial matter, Hilltop's appeal has merit.  Pursuant to the strong policy in favor of arbitration, courts must presume that the dispute is governed by the arbitration clause and resolve "any doubts as to the parties' intentions in favor of arbitration." *Nestle*, 505 F.3d at 503. Here, the language in the Parties' Arbitration Provisions is extremely broad, providing that "[a]ny Claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration[.]" (Doc. No. 10-1, Exs. A-E.)  Hilltop acknowledges that the Court denied its Motion to Compel.  However, at the very least, the breadth of the Parties' Arbitration Provisions supports Hilltop's argument that the parties did not intend to remove this dispute from arbitration and provides Hilltop with substantial justification for appealing the Court's Order.

More important for purposes of this Motion, however, is that this Court may stay the present litigation without concluding that Hilltop is likely to succeed on the merits of its appeal. *See Simon Property Grp., Inc. v. Taubman Centers, Inc.*, 262 F. Supp. 2d 794, 798 (E.D.Mich. 2003); *C.B.S.*, 716 F. Supp. at 310 ("The court is not required to find that ultimate success by the movant is a mathematical possibility, and…may grant a stay even though its own approach may be contrary to movant's view of the merits." (*quoting Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)).  In *C.B.S.*, the court recognized that a district court is unlikely to rule that there is a likelihood of success on the merits because such a ruling would require it to acknowledge it erred in denying the motion to compel arbitration. 716 F. Supp. at 309. Thus, even absent this likelihood, courts have concluded that the first factor still weighs in favor of a stay when a party has raised "substantial legal questions" on appeal, which is the case here. *See Simon Property Grp.*, 262 F. Supp. 2d at 798; *C.B.S.*, 716 F. Supp. at 310; *see also Washington Metro. Area Transit Comm'n*, 559 F.2d at 844. Hilltop's appeal raises

questions about the scope of the arbitration clauses involved in the present dispute. These questions are certainly "substantial legal questions" that merit a stay, as there are "few more serious legal issues than whether or not a dispute, serious enough as to be beyond informal mending, is precluded from formal judicial resolution." *Eberle v. Smith*, No. 07-CV-0120, 2008 WL 238450, at *3 (S.D.Cal. Jan. 29, 2008); *see also C.B.S.*, 716 F. Supp. at 310. Thus, this case satisfies the first prong of Rule 62(c)'s balancing test.

**2.      Hilltop Will Be Irreparably Harmed Absent a Stay Pending Appeal.**

This case also meets prong two of Rule 62(c)'s balancing test.  If a stay pending appeal is not granted, Hilltop will be irreparably harmed because it will permanently lose the benefits of its individual arbitration agreements with Plaintiffs. If it is required to litigate before its appeal is decided, Hilltop will be forced to incur the substantial expense of class action litigation—including costs related to class certification briefing, possible provision of notice to class members, and numerous depositions and other class-wide discovery—and thereby will be deprived of the significant cost-saving aspects of arbitration.

In *C.B.S.*, the Western District of Tennessee found irreparable harm predicated on facts similar to the present case. 716 F. Supp. at 310. While its appeal of the district court's order denying a stay pending arbitration was pending, the *C.B.S.* defendants moved to stay the litigation, arguing that they would suffer irreparable harm if forced to incur the expense of litigation absent a stay. *Id.* Granting the stay, the district court held that such expense constituted irreparable harm when the enforceability of an arbitration agreement was at stake:

> The main purpose for defendants' appeal is to avoid the expense of litigation.   If defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless. Therefore, this Court finds the time and expense of litigation to constitute irreparable harm in this instance.... [I]f a party "must undergo the expense and delay of a trial before being able to appeal, the advantages of

arbitration— speed and economy—are lost forever."

*Id.* (quoting *Alascom, Inc., v. ITT North Electric Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)).

Numerous other courts have similarly held that a party suffers irreparable harm when forced to incur the expense of litigation in the face of a denied motion to compel arbitration. *See, e.g.*, *Eberle*, 2008 WL 238450, at *3 ("If this litigation proceeds, Defendants will be forced to incur costs that would defeat the important, cost-limiting purpose of arbitration agreements."); *see also Steiner v. Apple Computer, Inc.*, No. C 07-04486 SBA, 2008 WL 1925197, at *3-5 (N.D.Cal. Apr. 29, 2008); *Winig v. Cingular Wireless LLC*, No. C-06-4297 MMC, 2006 WL 3201047, at *2 (N.D.Cal. Nov. 6, 2006). Here, Hilltop's right of appeal will be rendered meaningless if its request for a stay is denied and it is forced to incur the expense of litigation before the Court of Appeals definitively rules whether Plaintiffs are entitled to a judicial forum. *See Mazera v. Varsity Ford Servs., LLC*, No. 07-12970, 2008 WL 2223907, at *2 (E.D.Mich. May 29, 2008). This conclusion is entirely consistent with Congress's policy decision to allow parties immediately to appeal orders refusing to compel arbitration: when the plaintiff's entitlement to a judicial forum is in question, litigation in a judicial forum should not be permitted to go forward until that question is resolved. This factor thus weighs heavily in favor of a stay.

### 3.    A Stay Pending Appeal Will Cause Little, if Any, Harm to Plaintiff.

Plaintiffs may claim that they would encounter a delay in pursuing their actions against Hilltop if this action is stayed pending appeal. Several courts, however, have held that this harm is entitled to little, if any, weight. *See, e.g.*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Am. Standard Corp.*, No. 7:09-cv-00144-KKC, 2011 WL 4443121, at *2 (E.D.Ky. Sept. 22, 2011); *Eberle*, 2008 WL 238450, at *3-4; *C.B.S.*, 716 F. Supp. at 310. In fact, it is far more likely that a stay pending appeal will provide a benefit to Plaintiffs rather than an injury. Absent a stay, Plaintiffs will expend

9

substantial resources that will prove to have been spent unnecessary if the Sixth Circuit rules in Hilltop's favor. This case therefore satisfies prong three of Rule 62(c).

### 4. The Public Interest Favors Granting a Stay.

Finally, the public interest strongly favors granting a stay of the present litigation. In the context of a motion to stay pending appeal, several courts in the Sixth Circuit have held that the public interest is best served by avoiding the expenditure of resources when the outcome of the appeal might render such expenditure unnecessary. *See, e.g.*, *Am. Standard Corp.*, 2011 WL 4443121, at *2; *Mazera*, 2008 WL 2223907, at *2; *C.B.S.*, 716 F. Supp. at 310. As the *C.B.S.* court explained, "It does not make sense for this Court to expend its time and energy preparing this case for trial and possibly trying it only to learn at a later date from the court of appeals that it was not the proper forum to hear the case." 716 F. Supp. at 310. This rationale is particularly relevant where, as here, the Parties will incur the substantial expense associated with class-based (rather than single-plaintiff) litigation if a stay is denied.

Additionally, several courts have noted that the public interest is best served through the promotion of the strong federal policy encouraging arbitration. *See, e.g.*, *Eberle*, 2008 WL 238450, at *4; *Steiner*, 2008 WL 1925197, at *6. Issuing a stay in this case will further this policy. Thus, if the Court determines that it is not divested of jurisdiction as a result of Hilltop's appeal, it should nevertheless grant a stay pending the appeal pursuant to Rule 62(c).

### C. Alternatively, This Action Should Be Transferred to the Eastern District of Virginia Pursuant to 28 U.S.C. § 1404(a).

In the event that the Court finds that it retains jurisdiction over this matter and that the case should not be stayed pending appeal, this matter should be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).[6] "For the convenience of the parties and

---

[6] While Hilltop disputes that Plaintiffs' claims belong in any forum other than arbitration in the first instance,

witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might otherwise have been brought." 28 U.S.C. § 1404(a). The purposes of § 1404(a) are "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted).  To obtain a transfer of venue, the moving party must show that: (1) the plaintiff could have filed the action in the transferee forum; (2) transfer would serve the private interests of the parties; and (3) transfer would serve the public's interests. 28 U.S.C. § 1404(a); *Moses v. Bus. Card Express, Inc.*, 929 F. 2d 1131, 1137 (6th Cir. 1991) (citation omitted).  All three prongs are met in this case.

### 1.    This Action Could Have Been Brought in the Eastern District of Virginia.

The "threshold" inquiry for this Court in considering a § 1404(a) transfer is "whether this lawsuit 'might have been brought' in the proposed transferee forum." *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887 (N.D.Ohio 1999).  A lawsuit may be brought in any venue in which the court has subject matter jurisdiction if venue is proper and if "[t]he defendant is amenable to process issuing out of the transferee court."  *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D.Ohio 2004) (citations omitted). This case satisfies this prerequisite because—setting aside Plaintiffs' contractual obligations to arbitrate any dispute with Hilltop prior to any appeal to court—the Plaintiffs could have filed this lawsuit in the U.S. District Court for the Eastern District of Virginia.  Further, assuming only for purposes of this Motion that Plaintiffs are not required to arbitrate first, the Eastern District of Virginia would have subject matter jurisdiction over this lawsuit because it involves claims brought

---

if these claims are required to be litigated, they should be litigated in the Eastern District of Virginia.  Likewise, in the event this Court grants Hilltop's requested stay but the Court of Appeals ultimately rules in Plaintiffs' favor, Hilltop intends to renew its request for transfer.

under the FLSA, a federal law over which any federal district court has subject matter jurisdiction. *See* 28 U.S.C. § 1331. This case also involves claims brought under the OMFWA, a state law over which a federal court can exercise supplemental jurisdiction. See 28 U.S.C. § 1367. Thus, following arbitration (or assuming arbitration was not required, which Hilltop obviously disputes), venue would be proper in the Eastern District of Virginia because Hilltop is headquartered in McLean, Virginia, and Hilltop is amenable to process issuing out of the Eastern District of Virginia. See 28 U.S.C. § 1391(b)-(c). (Compl. ¶16; Oliver Decl. ¶8.) Thus, the threshold requirement for a § 1404(a) transfer is satisfied.

### 2. The Private-Interest Factors Weigh Heavily In Favor of Transfer.

The list of factors considered in determining a motion to transfer venue vary and "[c]ourts need not discuss every factor …, but rather should focus [their] analysis on those that are particularly relevant to a given transfer determination." *Schindewolf v. Seymour Constr., Inc.*, No. 5:10-cv-00204, 2010 WL 2290803, at *19 (N.D.Ohio June 3, 2010). In weighing the parties' private interests, courts usually consider the convenience of the parties and witnesses (including whether the parties contractually agreed to a particular venue); the accessibility of evidence and the ability to compel the attendance of unwilling witnesses; and the costs of attendance for willing witnesses. *See Reese v. CNH America LLC*, 574 F. 3d 315, 320 (6th Cir. 2009); *Bliss v. Architron Sys., Inc.*, No. 1:08 CV 1301, 2008 WL 5082436, at *3 (N.D.Ohio Dec. 1, 2008); *Donia v. Sears Holding Corp.*, No. 1:07 CV 2627, 2008 WL 2323533, at *2 (N.D.Ohio May 30, 2008). Here, each factors favors transfer.

### a. The Parties Submitted to Venue in Virginia Pursuant to Forum Selection Clauses.

As an initial matter, the forum selection provisions contained in the Parties' Contracts support the conclusion that transfer to the Eastern District of Virginia would further the Parties'

private interests. In *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the Supreme Court stated that when weighing whether transfer is justified under section 1404(a), a choice of forum clause is "a significant factor that figures centrally in the District Court's calculus." *Id.* at 29. "[W]hile other factors might 'conceivably' militate against a transfer,…the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh*, 870 F.2d 570, 573 (11th Cir. 1989) (*quoting Stewart*, 108 S.Ct. at 2244)). In the Sixth Circuit, "forum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" *LPC Acquisitions, LLC v. Coupled Products, LLC*, 2013 WL 2151619 (N.D.Ohio 2013) (*quoting Moses v. Business Card Express*, 929 F.2d 1131 (6th Cir.1991)). Finally, "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring).

In this case, each Contract between Hilltop and the Plaintiffs includes a forum selection clause providing, in relevant part, as follows:

> The parties hereby submit to the exclusive personal and subject matter jurisdiction of the state and federal courts located in the Commonwealth of Virginia, which shall be the exclusive venue for any such dispute.

(Doc. No. 10-1, Exs. A-E, ¶17.) Notably, in opposing Hilltop's Motion to Dismiss, Plaintiffs did not challenge the validity of the Contracts in which these forum selection provisions are contained.[7] Thus, this freely-negotiated provision weighs heavily in favor of transferring this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

---

[7] Further, the forum selection clause, Paragraph 17, is among those listed in the Contract's Survival Clause. (Doc. No. 10-1, Exs. A-E, ¶22.) So while Hilltop continues to dispute the Survival Clause's impact on the Arbitration Provisions, no such issue arises with respect to the forum selection clauses.

          **b.**     **The Eastern District of Virginia Would Be Substantially More Convenient For the Potential Witnesses and Is In Closer Proximity To Arguably Discoverable Evidence.**

The remaining private interest factors also demonstrate that transfer to the Alexandria district court is appropriate.  One key private interest factor is the convenience of the witnesses. *Kay,* 494 F. Supp. 2d at 852 (*citing* 15 Wright, Miller & Cooper, Fed. Practice & Proc., § 3851). In determining convenience to the witnesses, the location of the most critical witnesses should be the focus. *See Siegfried v. Takeda Pharmaceuticals N.A., Inc.,* No 1:10-cv-02713-JG, 2011 WL 1430333, at *3 (N.D.Ohio Apr. 14, 2011); *Fryda v. Takeda Pharmaceuticals N.A., Inc.,* No. 1:11-cv-00339, 2011 WL 1434997, at *3 (N.D.Ohio Apr. 14, 2011); *Young v. Keibler Recreation, LLC,* 1:09-cv-1810, 2010 WL 395224, at *6 (N.D.Ohio Jan. 26, 2010).

This is a wage dispute concerning Hilltop's alleged "pattern, practice, and policy of misclassifying Plaintiffs and those similarly situated as independent contractors[.]"  (Compl. ¶3). Hilltop vehemently denies that Plaintiffs or any putative class members were improperly classified as independent contractors. Taking Plaintiffs' allegations at face value for purposes of this Motion, however, the witnesses likely to be of critical importance to Plaintiffs' claims and Hilltop's defenses are corporate-level employees with knowledge of the company's employee classification policies and of Plaintiffs' compensation.  *See Siegfried*, 2011 WL 1430333, at *3 ("Because this is a wage dispute alleging that, as a matter of policy, the Defendant misclassified an entire class of its employees and consequently withheld overtime pay, this Court finds that the witnesses of central relevance…[are] senior and management level employees with policy-making and implementing authority"); *Fryda*, 2011 WL 1434997, at *3 (same).  All such individuals are located in Hilltop's corporate-level offices in McLean.  (Oliver Decl. ¶9.)

In determining the convenience to these potential witnesses, this Court should consider the potential disruption of Hilltop's business and the cost of transporting and housing such

witnesses in a foreign venue. *See, e.g.*, *Mead Corp v. Oscar J. Boldt Constr. Co.*, 508 F.Supp. 193, 198 (S.D.Ohio 1981). Hilltop has only 10 full-time employees, all of whom are located in McLean. Thus, it would be a severe hardship to require Hilltop to litigate this action in Cincinnati while also running its business in Virginia. Further, the key potential witnesses do not regularly travel to Ohio for work. (Oliver Decl. ¶7.) Approximately 500 miles separate Hilltop's corporate offices from the federal district courthouse in Cincinnati. (*See* Exhibit B.) Key potential witnesses would be subject to burdensome and costly air travel and hotel stays if they agree to participate in this action before this Court.

In contrast (and again, taking Plaintiffs' allegations at face value), many of Hilltop's potentially key witnesses could travel to the Alexandria courthouse in a matter of minutes, as Hilltop's corporate headquarters in McLean are just 17.9 miles from the Alexandria district courthouse. (*See* Exhibit C.) Further, as **none of the named Plaintiffs reside in Ohio**, they will be required to travel regardless of whether this action plays out in Ohio or in Virginia. Thus, litigating this case in the Eastern District of Virginia would be no less convenient to Plaintiffs than litigating in the Southern District of Ohio.

Moreover, because any potentially key Hilltop witnesses are likely to reside within 100 miles of the district court in Alexandria, the availability of compulsory process also favors transfer. *See* Fed. R. Civ. P. 45(c)(3). While Hilltop would not instruct any current or former employees to refuse to testify in Ohio, "the Court's concern is with judicial compulsion." *Siegfried*, 2011 WL 1430333, at *3, *Fryda*, 2011 WL 1434997, at *3 (same). The Alexandria district court would be much less likely to face reluctant witnesses refusing to participate. This factor thus also favors transfer. *See Gehm v. APL Logistics Warehouse Mgmt. Servs., Inc.*, 1:05-cv-804, 2006 WL 2056673, at *3 (S.D.Ohio July 21, 2006) (transferring venue because of the

availability of compulsory process in transferee forum, though the witnesses were defendant's employees, as "[a] court shall quash or modify a subpoena if it 'requires a person who is not a party or an officer of a party to travel…more than 100 miles") (*quoting* Fed. R. Civ. P. 45(c)(3)).

Finally, while it is a less important factor in the § 1404(a) analysis, the location of documents and other sources of proof should also be considered.  The types of documents that are "likely to be of central importance" in actions under the FLSA include documents such as "payroll and personnel files, as well as company policies and procedures." *Siegfried*, 2011 WL 1430333, at *3; *Fryda*, 2011 WL 1434997, at *3 (same). Hilltop is not yet aware of what documents Plaintiffs intend to pursue; however, any discoverable documents in Hilltop's possession would either be located in McLean or would be collected by individuals in McLean. (Oliver Decl. ¶10.) While Hilltop denies that its employee policies or pay practices are relevant to the independent contractor Plaintiffs and putative class members, potentially discoverable documents regarding their engagement with Hilltop, their hours billed, and their compensation for services performed under their Contracts are all created or maintained in McLean. (Oliver Decl., ¶10.) Thus, the location of the potentially key documents in this action favors transfer.

### 3.    The Public-Interest Factors Weigh In Favor of Transfer.

District courts within the Sixth Circuit consider the following factors when deciding whether the public interest favors transfer: (1) the familiarity of the transferor and transferee courts with the applicable law; (2) the "interest in a speedy trial;" and (3) the public interest in local adjudication of issues that will affect the local community. *Kay*, 494 F. Supp. 2d at 856; *Union Planters Bank*, 67 F. Supp. at 921.  All three of the public-interest factors favor transfer.

  **a.**  **The Eastern District of Virginia Is Equally Familiar With the Applicable Law.**

  Plaintiffs have asserted violations of a federal law, the FLSA. All federal courts are presumed to be equally familiar with and competent in deciding issues of federal law. *Kay*, 494 F.Supp.2d at 858; *Blake v. Family Dollar Stores, Inc.*, No. 2:07-cv-361, 2007 WL 1795936, *3 (S.D.Ohio June 19, 2007) ("The North Carolina court, as well as all federal courts, are competent to consider causes of action under federal statutes"). Thus, the Eastern District of Virginia court is equally familiar with the law at issue and can easily and competently decide this lawsuit.

  Plaintiffs' inclusion of a state law OMFWSA claim does not alter this conclusion. In *Blake*, *supra*, this Court recognized that "'Ohio's wage and hour law 'parallels the FLSA,''" and that, "'[c]ourts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA.'" *Id.* at *3 (*quoting Mitchell v. Abercrombie & Fitch Co.*, 428 F.Supp.2d 725, 732 (S.D.Ohio 2006) (*citing, e.g., Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir. 1997)). Accordingly, the Court transferred the *Blake* plaintiff's hybrid FLSA/ OMFWSA action to the Western District of North Carolina pursuant to § 1404(a). *Id.* at *4. Because the Eastern District of Virginia, like the Western District of North Carolina, is perfectly competent to adjudicate this hybrid action, Hilltop's requested transfer should be granted.

  **b.**  **Plaintiffs Will Receive a Speedy Trial In the Eastern District Of Virginia**

  In determining the relative congestion of the courts and whether a plaintiff will receive a speedy trial in the transferee forum, courts typically consider the respective docket loads of the transferor and transferee courts. *Kay*, 494 F. Supp. 2d at 856-57; *Roberts Metals, Inc. v. Fla. Props. Mktg. Group, Inc.*, 138 F.R.D. 89, 94 (N.D.Ohio 1991). While Plaintiffs would likely receive a speedy trial before this Court, there can also be no question that the Eastern District of Virginia would provide Plaintiffs with a speedy trial. According to the statistics from the

Administrative Office of the United States Courts, the median time elapsed from filing of a civil suit to its final disposition in the Eastern District of Virginia is 5.4 months—making it the fifth speediest docket in the nation. *See* Federal Judicial Caseload Statistics, Table C-5 2012, U.S. District Courts—Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending Mar. 31, 2012, (attached as Exhibit D).[8]  In the Eastern District of Virginia, the median total time elapsed before a civil suit's pretrial phase is 4.9 months; the median total time elapsed in civil cases during or after the pretrial phase is 8.0 months; and the median total time for civil cases to run from initiation to trial is 12.9 months. *Id.* In summary, the speed with which Plaintiffs' claims would be heard in the Eastern District of Virginia tips this factor in favor of transfer.

> **c.    There Is No Local Controversy Warranting Litigation In This Venue.**

In light of the fact that Plaintiffs—none of whom even reside in Ohio—are seeking to certify a <u>nationwide</u> FLSA class, Plaintiffs cannot reasonably argue that this is a local controversy that warrants litigation in the Southern District of Ohio.  This is the conclusion reached by the Northern District of Ohio in a case with facts similar to the present one, *Siegfried v. Takeda Pharmaceuticals N.A., Inc.,* No 1:10-cv-02713-JG, 2011 WL 1430333 (N.D.Ohio Apr. 14, 2011).  The *Siegfried* plaintiffs brought a putative nationwide collective action under the FLSA, and the defendant sought transfer to the Northern District of Illinois where defendant's corporate headquarters were located. *Id.* at *1.  In granting the defendant's motion to transfer, the court was not persuaded that Ohio had an interest in providing a forum because the plaintiffs sought "to certify a nationwide class that could include non-Ohio residents." *Id.* at *4.  *See also Jewell v. Aaron's, Inc.*, No. 1:11-cv-02314-DCN, 2012 WL 589488, *4 (N.D.Ohio Feb. 22,

---

[8]      These statistics are also accessible electronically at
http://www.uscourts.gov/uscourts/Statistics/FederalJudicialCaseloadStatistics/2012/tables/C05Mar12.pdf.

2012) (transferring FLSA collective action to Northern District of Georgia, and noting that "deference afforded plaintiffs' chosen forum is 'considerably weakened'" where the plaintiffs "seek to certify a nationwide class."); *Perrywatson v. United Airlines, Inc.*, No. 1:09 CV 1957, 2010 WL 359696, at *3 (N.D.Ohio Jan. 29, 2010) (holding that even though the plaintiff resided in Ohio and would personally find the Northern District of Ohio more convenient, such facts did "not outweigh the factors which support transfer"—"nearly all of the parties and witnesses" reside in the transferee forum, most of the events at issue occurred in the transferee forum, and the relevant documents are located in the transferee forum).

The facts of this case weigh even more strongly in favor of transfer than those in the cases cited above.  Like the plaintiff in *Siegfried*, for instance, Plaintiffs here seek to represent a nationwide class. (Compl. ¶12.)  This alone militates in favor of transfer.  But unlike the *Siegfried* plaintiffs, the named Plaintiffs in this action are not even Ohio residents; rather, they reside in Texas, California, and Georgia. (Compl. ¶¶7-11).  In fact, given that the named Plaintiffs would have to travel from their out-of-state residences to litigate in the Southern District of Ohio, it is unclear that it would even be any inconvenience to Plaintiffs to instead require them to travel to the Eastern District of Virginia.  Further, Plaintiffs each agreed to Virginia's courts as the exclusive venue for any action brought against Hilltop.  Finally, while Plaintiffs performed their contracts with Hilltop at a PNC Bank facility in Miamisburg, Ohio, Hilltop had no manager working in Miamisburg, had no employee managing or supervising the work of any putative Plaintiff or other contractors in Miamisburg (or anywhere else), has no office, location, or place of business in Ohio, and currently has no employees at all in Ohio.  Thus, the state of Ohio and this Court simply have no particular interest in this litigation.[9]  For

---

[9]       In fact, if any state and any federal forum could be said to have a greater interest in this litigation than others, they would be the state of Virginia and the U.S. District Court for the Eastern District of Virginia, Alexandria

these reasons, the Court should transfer this action to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

## IV.   CONCLUSION

As the Court no longer retains jurisdiction over this matter during the course of Hilltop's appeal to the Sixth Circuit, all further proceedings (including all discovery) must be stayed pending appeal.  Even if the Court finds, contrary to the majority of circuit courts to rule on the issue, that it does retain jurisdiction pending appeal, it should nevertheless stay proceedings during the appeal because this case meets all the Rule 62(c) elements for a stay.  Thus, Hilltop respectfully requests that this Court grant its Motion to Stay Pending Appeal.

Alternatively, Hilltop respectfully requests that this Court transfer this case to the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1404(a). Plaintiffs have expressly agreed to jurisdiction and venue in the state and federal courts of Virginia.  Moreover, the Eastern District of Virginia would be far more convenient to Hilltop, but would be no less convenient than the Southern District of Ohio to the Plaintiffs (none of whom is from Ohio).

Respectfully submitted,

/s/Eugene Droder III
Eugene Droder III (0078210)
Adam R. Hanley (0085470)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202-4182
(513) 651-6800
edroder@fbtlaw.com
ahanley@fbtlaw.com

*Attorneys for Defendant*
*The Hilltop Companies, LLC*

---

Division, as Hilltop is a Virginia-based company.