UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA HUFFMAN, et al., | : : : | NO. 1:13-CV-00219 |
| Plaintiffs, | : : | **OPINION AND ORDER** |
| v. | : : | |
| THE HILLTOP COMPANIES, LLC, | : : | |
| Defendant. | : : | |

This matter is before the Court on Defendant The Hilltop Companies, LLC's Motion to Stay, Or, In the Alternative, To Transfer Venue (doc. 25), Plaintiffs' Response in Opposition (doc. 26), and Defendant's Reply (doc. 27). For the reasons indicated herein, the Court GRANTS IN PART Defendant's Motion and STAYS this matter pending the outcome of the current appeal.

**I. Background**

Plaintiffs reviewed mortgage loan files for Defendant and claim Defendant systematically failed to pay them proper overtime wages in violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 (doc. 1). Plaintiffs allege they customarily worked in excess of forty hours a week, while Defendant mis-classified them as "independent contractors" so as to avoid paying Plaintiffs properly (Id.).

Defendant contends each Plaintiff has a contract that

contains an arbitration provision, such that the Court should dismiss the matter and compel arbitration. The Court previously denied Defendant's motion to dismiss, finding this matter could be litigated before the Court (doc. 16). Defendant has appealed the Court's Order denying Defendant's motion to dismiss (doc. 18).

In the instant motion to stay, or in the alternative, to transfer venue, Defendant asks the Court to stay the matter or transfer it to the United States District Court, Eastern District of Virginia, Alexandria Division, the jurisdiction where Defendant maintains its base of operations (doc. 25). Such motion ostensibly came in response to Plaintiffs' pending Motion to Certify Collective Class (doc. 24), that Plaintiffs filed after the appeal. Plaintiffs seek to certify their collective class, to provide notice to putative collective class members, and to engage in discovery which they contend will be necessary whether this matter remains in court or goes to arbitration (docs. 24, 26). Plaintiffs further contend that class members face the threat of the statute of limitations running on their claims, such that they will be prejudiced should this case not proceed on "collateral matters" (doc. 26). Defendant has filed its Reply (doc. 27) such that this matter is ripe for the Court's consideration.

**II. Discussion**

Under <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56 (1982), an appeal of a matter transfers jurisdiction from the district court to the appellate court concerning "those aspects of

2

the case involved in the appeal." Id. at 58. It is well settled, then, "that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." Cambio Health Solutions LLC v. Reardon, 228 F. Supp. 2d 883, 886 (M.D. Tenn. 2002)(court stayed appeal of case filed pursuant to Section 16(a) of the Federal Arbitration Act)(quoting Fort Gratiot Sanitary Landfill v. Michigan Dep't of Natural Resources, 71 F.3d 1197, 1203 (6th Cir. 1995)).

In the Court's view, the better weight of authority is that during the pendency of the appeal, it is limited to at most an administrative role with regard to the case, and that it would be improper to address any matter of substance. In the instant case, it would seem that should the appeals court find arbitration appropriate and reverse this court, proceedings taking place before this court during the pendency of the appeal could be for nothing. Although Plaintiffs contend they would be entitled to discovery in any event, even should this matter ultimately be sent to arbitration, the Court finds dubious that the same rules would govern discovery or that discovery would be available as to the purported class. Regardless of the Court's musings as to the potential effects of discovery, it would appear in conflict with Griggs for the Court to continue proceedings in this matter beyond administrative matters. Despite Plaintiffs' attempt to frame their pending motion as a "collateral matter," it appears to the Court

3

that it is of substantive consequence.

Plaintiffs further cite <u>Hughes v. Region VII Area Agency on Aging, et al.</u>, 542 F.3d 169, 188 (6th Cir. 2008) for the proposition that the applicable FLSA two-year statute of limitations could potentially bar putative collective class member claims (doc. 26). Curiously, the very case Plaintiffs cite, <u>Hughes</u>, shows the Sixth Circuit found equitable tolling appropriate, and remanded the matter for further proceedings. 542 F.3d 169, 188. The Court finds well-taken, then, Defendant's position that Plaintiffs can always seek equitable tolling from the Court, if and when such an issue becomes relevant. Plaintiffs' Complaint clearly encompasses a collective class, such that at the very minimum, Defendant could not show prejudice in the potential of a class action, as it is already on notice of such possibility.

Finally, for the same reason that the Court declines to rule on Plaintiff's motion, it similarly finds it inappropriate to rule on Defendant's motion to transfer. The Court agrees that transferring the case outside the circuit while an interlocutory appeal is pending would only create a host of potential problems. <u>Matrix Group Ltd. V. Rawlings Sporting Goods Co., Inc.</u>, 378 F.3d 29, 32 (1st Cir. 2004).

**III. Conclusion**

Having reviewed this matter, and for the reasons indicated herein, the Court finds that it is divested of jurisdiction over Plaintiffs' pending motion, and therefore that

4

Defendants' motion is well-taken to the extent that the Court cannot rule on matters in this case beyond administrative matters completely unrelated to the pending appeal.  Because the appeal could ultimately send this matter to arbitration, the interests of justice militate in favor of waiting for the mandate to issue on whether this matter will even remain before this Court.

Accordingly, the Court GRANTS IN PART Defendant's Motion (doc. 25), to the extent that it STAYS this matter pending the appeal (doc. 18) of the denial of Defendant's Motion to Dismiss and to Compel Arbitration.  The Court DENIES the remainder of the motion, that is, Defendant's Alternative Motion to Transfer Venue (doc. 25).

SO ORDERED.

Dated: February 24, 2014     s/S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge